UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| FRANK LAWSHEA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:07CV86 CDP |
| TROY STEELE, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Frank Lawshea (registration no. 172077), an inmate at Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.60. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $18.00, and an average monthly balance of $7.93. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.60, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Troy Steele (Superintendent, SECC), Omer Clark (Assistant Superintendent), Paula Phillips (Function Unit Manager), Timothy Holsten (Caseworker), Curt Curtis (Sergeant), Unknown Waldrup (Lieutenant). Plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff alleges that on April 17, 2006, Correctional Officer John Hankins issued him a conduct violation for interfering with the afternoon count. Plaintiff states that on April 26, 2006, defendant Holsten held a hearing and placed him on cell restriction for 10 days because of the conduct violation. Plaintiff says that Holsten issued him a

jumpsuit to wear while he was on cell restriction. Plaintiff claims that he was not given due process or allowed to call witnesses at the hearing.

Plaintiff says that when his term of cell restriction ended, he placed the jumpsuit he had been issued on the officers' desk. On May 18, 2006, Holsten issued plaintiff a conduct violation for failing to return the jumpsuit to Classification. Plaintiff alleges that he was never told of the rule requiring inmates to return the jumpsuits to Classification. Plaintiff additionally alleges that Holsten used racial epithets when speaking to plaintiff about the jumpsuit. On May 23, 2006, defendant Phillips and her husband, Dale Phillips held a hearing regarding the conduct violation. Plaintiff claims that defendant Phillips placed him on cell restriction for 10 days and charged $29.60 against his prison account. Plaintiff alleges that he was not allowed to make a statement or call witnesses at the hearing.

Plaintiff alleges that he was placed in administrative segregation on July 25, 2006, without being given any reason for the placement. Plaintiff claims that he later found out that he was under investigation for allegedly picking up a knife and hiding it from "other gang members." The documentation from plaintiff's December 19, 2006, classification hearing states that plaintiff was held in administrative segregation for 5 months and that there were no findings as a result of the investigation.

Plaintiff alleges that the investigation resulting in his July 25 placement in administrative segregation was instigated by defendant Holsten. Plaintiff claims that Holsten falsely lodged the investigation in retaliation for plaintiff's filing of a lawsuit against defendants in state court.

Plaintiff alleges that on September 1, 2006, defendant Curtis approached plaintiff's cell and told him to put his hands behind his back to be handcuffed. Plaintiff claims that Curtis ordered Correctional Officer Woolridge to unlock the chuck-hold to plaintiff's cell. Plaintiff says that after the chuck-hold was unlocked Curtis sprayed plaintiff with a large container of pepper spray until the container was empty. Plaintiff states that he asked Curtis why he sprayed plaintiff with pepper spray and Curtis told him that Waldrup ordered it.

Plaintiff alleges that after he was sprayed with the pepper spray Curtis made him stay in his cell with the pepper spray still on the floor and walls of the cell. Plaintiff claims that the pepper spray stayed on the walls and floor of his cell for several months and caused him to have difficulty breathing.

**Discussion**

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical

and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff's allegations relating to his cell restriction on April 26, 2006, do not represent an atypical and significant hardship and, therefore, fail to state a claim upon which relief can be granted. Consequently, plaintiff's claims relating to this period of confinement shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's allegations against Phillips and Holsten that he was placed in administrative segregation on May 23, 2006, and charged $29.60 for violating a rule he was never notified of survive threshold review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.

Plaintiff's allegations against Curtis and Waldrup that he was placed in administrative segregation on July 25, 2006, in retaliation for having filed a civil suit against defendants in state court survives threshold review and should not be dismissed at this time. Additionally, plaintiff's allegations that he was sprayed with pepper spray by Curtis pursuant to Waldrup's order also survives threshold review and should not be dismissed at this time.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally

involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Steele or Clark were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim against these defendants, and these defendants shall be dismissed from the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Phillips, Holsten, Curtis, and Waldrup.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Phillips, Holsten, Curtis, and Waldrup shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Steele and Clark because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 5th day of July, 2007.

*Catherine D. Perry*
UNITED STATES DISTRICT JUDGE

---

[1] Defendants Paula Phillips, Timothy Holsten, Curt Curtis, and Unknown Waldrup are alleged to be employees at Missouri's Southeast Correctional Center.