# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| FRANK LAWSHEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV86 CDP |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's several pro se motions. The motions will be disposed of as follows.

Plaintiff moves the Court to correct the names of two defendants. Plaintiff misspelled defendant Steele's last name in the complaint, and he was unaware of defendant Waldrup's first name. To the extent that the motion seeks to amend the record to reflect that Waldrup's first name is Thomas, the motion will be granted.

Plaintiff moves the Court for an order directing defendants to give him increased access to the law library. Plaintiff has not shown that extraordinary circumstances exist justifying injunctive relief. As a result, the motion for court order for access to the law library will be denied.

Plaintiff moves the Court for reconsideration of its Order dated July 5, 2007, in which defendants Steele and Clark were dismissed because the complaint did not

allege that they were directly responsible for the alleged deprivations of plaintiff's rights. Plaintiff alleges that defendants Steele and Clark were aware of the actions of the other defendants and that they failed to properly monitor them. Plaintiff also complains that defendants Steele and Clark did not respond to his letters or grievances to his satisfaction. The allegations against Steele and Clark in the motion do not rise to the level of constitutional violations, and the motion will be denied.

Plaintiff moves the Court to allow him to amend his complaint by interlineation. This Court does not accept amendments by interlineation. The filing of an amended complaint replaces all previous complaints, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff wishes to amend his complaint, he must file an amended complaint that names each of the defendants in the caption and that contains all of his claims for relief. Consequently, the motion to amend the complaint by interlineation will be denied.

Plaintiff moves the Court for an additional 30 days to pay the partial initial filing fee. The motion will be granted.

Finally, plaintiff moves the Court for a preliminary injunction directing the Department of Corrections to transfer plaintiff to the "district of his complaint." Plaintiff says that he was transferred to Jefferson City Correctional Center on July 17,

2007. Plaintiff claims that upon arrival at JCCC, he was placed in administrative segregation and that prison officials informed him that he would remain in administrative segregation for 30 days so that they could monitor his behavior. Plaintiff alleges that while he is administrative segregation he has no access to a law library, that he is confined to his cell for 22 hours per day, and that the other prisoners constantly yell and beat on their cell doors. Plaintiff believes that he was transferred to JCCC in retaliation for his having filed the instant civil action. Upon review of the motion, the Court finds that the conditions of plaintiff's current confinement are not so extraordinary as to justify injunctive relief. As a result, the motion for preliminary injunction shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend [#7] is **GRANTED** as follows: the Clerk shall change the docket sheet to reflect that defendant Waldrup's first name is Thomas.

**IT IS FURTHER ORDERED** that plaintiff's motion for court order for access to the law library [#8] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration [#9] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint by interlineation [#10] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee [#13] is **GRANTED**. Plaintiff shall pay the initial partial filing fee no later than **September 3, 2007**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [#14] is **DENIED**.

Dated this 17th day of August, 2007.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE