UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANK LAWSHEA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:07CV86 CDP |
| | ) |
| PAULA PHILLIPS, et al., | ) |
| | ) |
| Defendant. | ) |

## CASE MANAGEMENT ORDER AND MEMORANDUM AND ORDER

This case is before me on a number of issues. First, I am entering a case management order to be followed in this case. Next, I must clarify an couple issues that have arisen as a result of a erroneous entries on the docket sheet. On August 31, 2007, the defendants' Consent to Magistrate Judge was mistakenly docketed in this case. Plaintiff Frank Lawshea has now filed a request to object to the consent to a magistrate judge, requesting that this case be randomly reassigned to a district judge. I am a district judge so no consent was necessary. Next, Lawshea has filed a reply to defendants' answer. To clarify, this is not a motion to strike defendants' answer and does not necessitate a response from defendants. Defendants' answer is not a motion to dismiss and so did not require a response.

With regard to pending motions, Lawshea has filed a motion to amend his complaint. Defendants have not objected to this motion, and their time for doing

so has passed. After a review of the proposed amended complaint, I will grant Lawshea's motion.

Lawshea has filed two additional motions: a motion for appointment of counsel and a "motion for retained jurisdiction." Defendants object to both of these motions.[1]

Lawshea's "motion for retained jurisdiction" appears to be a motion for preliminary injunctive relief requesting that I order the state of Missouri to transfer Lawshea to a different facility and release him from administrative segregation. Lawshea asserts that he was transferred as retaliation for his lawsuit and to restrict his ability to contact witnesses. To determine whether preliminary injunctive relief should be granted, I must apply the familiar four-factor test: (1) the likelihood that the movant will succeed on the merits; (2) the threat of irreparable harm; (3) the balance between this harm and the injury that granting the injunction will inflict on other parties to the litigation; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). Based upon all of these factors, I have concluded that Lawshea's motion for injunctive relief should be denied.

---

[1]Lawshea also filed a motion for a temporary restraining order, which he later sought to withdraw. His motion to withdraw will be granted, and the motion for a temporary restraining order will be denied as moot.

First, Lawshea is unlikely to be able to establish that his transfer and confinement in administrative segregation violates his constitutional rights. In order to establish that the transfer was in retaliation for his exercise of his constitutional rights, Lawshea must establish that "but for his assertions of his constitutional rights, he would not have been transferred." Sisneros v. Nix, 95 F.3d 749, 752 (8th Cir. 1996). In general, inmates may be transferred from one prison to another for any constitutionally permissible reason, or for no reason at all. Id. Only when the inmate can establish that the transfer was based on a retaliatory motive will relief be granted, and this is very difficult to establish. Id. In general, the Eighth Circuit has noted that inmate claims of unlawful retaliation are to be treated with skepticism. Id. As a result, the first factor favors denying injunctive relief at this time.

The second factor also favors denying injunctive relief. Lawshea has not established that he will be irreparably harmed if I do not order his transfer and release from administrative segregation. As defendants have noted, Lawshea was able to file at least two motions with this Court while in administrative segregation. Therefore, I cannot find that his confinement in administrative segregation overly interferes with his ability to pursue this lawsuit.

The third and fourth factors are tied together. The Supreme Court has

stated, "It is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." Preiser v. Rodriguez, 411 U.S. 475, 491-92(1973). States have an important interest "in not being bypassed in the correction of those problems." Id. at 492. In this case, Missouri has determined that the transfer of Lawshea from the Southeast Correctional Center to the Jefferson City Correctional Center and his placement in administrative segregation was proper and necessary. While Lawshea does have the right to argue and present evidence that this was done in retaliation for his exercise of his constitutional rights, I must recognize that Missouri has a strong interest in administering its prisons. In this instance, the defendants' interests and the public's interests are singular. As a result, all of the Dataphase factors favor denying injunctive relief at this time.

Lawshea also has moved for appointment of counsel. Defendants oppose this arguing that Lawshea does not have the right to counsel in this civil case and that Lawshea is capable of presenting the facts and legal issues without the assistance of counsel. In determining whether I should appoint counsel, I should consider: "the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present

his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996). Lawshea's claims here do not appear to be factually or legally complex, and his legal filings have been clear and detailed. As a result, I will deny Lawshea's motion for appointment of counsel.

Defendants have moved to substitute Joshua N. Worthington for Paul C. Evans as their attorney in this case. I see no reason why this motion should not be granted. Additionally, defendants have sought additional time to complete discovery, and I will grant this request.[2]

Accordingly,

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that, the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

I. **SCHEDULING PLAN**

1. This case has been assigned to Track 5B (Prisoner Standard).

2. All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **April 15, 2008**.

---

[2]Defendants have actually filed two motions for an extension of time.

3. No later than **April 1, 2008** each party shall disclose to the other party the following:

(a) Plaintiff shall submit to the defendant a list, including addresses, of all persons having knowledge or information of the facts giving rise to plaintiff's claim.

(b) Plaintiff shall submit to the defendant all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim.

(c) Defendant(s) shall submit to the plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to plaintiff's claim, subject to the following exception. In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through defense counsel; defendant(s) shall provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.

(d) Defendant(s) shall provide a description, by category and location, of all documents which are relevant to the facts giving rise to plaintiff's claim. Defendant(s) shall, at their option, provide copies of the described documents to the plaintiff, or allow plaintiff to inspect the documents and obtain copies, with the following exceptions. Defendant(s) need not produce individual files of other prisoners who are not parties to the action. Defendant(s) may object to the disclosure of documents by serving written objections upon the plaintiff, in lieu of producing the documents to which the objections apply.

Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just.

4. Following disclosure each party may engage in discovery under the Federal Rules of Civil Procedure but <u>all</u> discovery in this case must be completed by **August 1, 2008**. Parties shall file motions to compel in a prompt manner and in no event after the discovery deadline.

5. Defendants are granted leave of Court, pursuant to Rule 30(a), Fed.R.C.P., to take the deposition of plaintiff, upon reasonable notice.

6. The Court will not entertain any motion to stay discovery or disclosure based upon the defense of qualified immunity unless such a motion is accompanied or preceded by a detailed brief setting forth the specific factual and legal reasons (with appropriate case citations) qualified immunity applies to this case.

7. Any motion for summary judgment must be filed no later than **September 15, 2008**. Failure to file such a motion within that time period will waive a party's right to do so before trial.

This order specifically preempts any provision of local rule to the contrary. It is anticipated that if a summary judgment motion is filed, the case will not be set for trial until after the motion has been ruled upon. If no motion for summary judgment is filed by the date set above, the case will be set for trial forthwith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint [#21] is granted. Plaintiffs amended complaint is deemed filed as of today.

**IT IS FURTHER ORDERED** that plaintiff's motion for retained jurisdiction [#22] is denied.

**IT IS FURTHER ORDERED** that plaintiff's request to object to consent to magistrate judge [#20] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#25] is denied.

**IT IS FURTHER ORDERED** that defendants' motion to substitute Joshua N. Worthington for Paul C. Evans [#27] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw the preliminary injunction [#32] is granted.

**IT IS FURTHER ORDERED** that defendants' motions for extensions of time to complete discovery [#33 and 34] are granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for a preliminary injunction [#30] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2008.